IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**PRAKAZREL MICHEL,**<br><br>**Defendant.** | ~~UNDER SEAL~~<br><br>Case Number: 23-mc-32 (APM) |

## CONSENT SUPPLEMENT TO GOVERNMENT'S MOTION FOR ORDER TO SHOW CAUSE

The United States, by and through the undersigned counsel, and with the consent and concurrence of David Kenner, and his counsel, hereby supplements its motion for order to show cause. Should the Court grant the motion for order to show cause, Mr. Kenner, former attorney to Prakazrel Michel, has agreed to accept responsibility for violating the Court's protective order and plead guilty to misdemeanor contempt in violation of 18 U.S.C. § 401(3). Accordingly, the Government asks the Court to issue an order to show cause (in the form attached as Exhibit 1) and docket the attached Information (Exhibit 2). The Government is also submitting for the Court's review, an executed Rule 11(c)(1)(C) Plea Letter (Exhibit 3) and Statement of Offense (Exhibit 4), both of which are conditioned on the Court's issuance of the requested order to show cause.

**I.      Relevant Background**

On March 3, 2023, the Government, through attorneys with the Public Integrity Section, filed a motion for order to show cause in *United States v. Prakazrel Michel*, Case No. 19-cr-148 (CKK) (ECF No. 204), a criminal case pending before the Honorable Colleen Kollar-Kotelly. The motion was referred to the Honorable Judge Amit P. Mehta for consideration and docketed in Case

No. 23-mc-32 (APM) (ECF No. 1). On May 5, 2023, the undersigned entered an appearance for the United States as substitute counsel.

II.     Discussion

Under 18 U.S.C. § 401, "[a] court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as-- . . . (3) [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." Specifically, for Section 401 contempts:

> A conviction for criminal contempt is authorized under 18 U.S.C. § 401(3) upon proof beyond a reasonable doubt of 1) a reasonably specific order; 2) violation of the order; and 3) the willful intent to violate the order. *United States v. Landerman*, 109 F.3d 1053, 1068 (5th Cir.), modified in part on other grounds, 116 F.3d 119 (5th Cir. 1997). A criminal contempt need not be charged by indictment. *See United States v. Nunn*, 622 F.2d 802, 803-04 (5th Cir. 1980); FED.R.CRIM.P. 42(a).

*United States v. Hassell*, 128 F. App'x 411, 411 (5th Cir. 2005). *See also Doe v. Maywood Hous. Auth.*, 71 F.3d 1294, 1297-98 (7th Cir. 1995) (same elements; upholding finding of criminal contempt for violation of protective order). In bringing a Section 401 charge, a District Court may limit the potential sentence to no more than six months. *See, e.g., United States v. Powers*, 629 F.2d 619, 625 (9th Cir. 1980); *In re Troutt*, 460 F.3d 887, 894 (7th Cir. 2006); *United States v. Marthaler*, 571 F.2d 1104, 1105 (9th Cir. 1978).

Rule 42 of the Federal Rules of Criminal Procedure governs such criminal contempt proceedings. It sets forth the process and requirements for the Court to give notice of prosecution, in the former of an order to show cause. Here, the Government asks, consistent with the proposed plea paperwork, that the Court give notice of prosecution, charging Mr. Kenner with misdemeanor contempt as set forth in attached Information, and supported by the attached Statement of Facts.

Consistent with Rule 42, this Court must set a trial date for the contempt proceeding. The Government and Mr. Kenner ask the Court to set the trial date for January 26, 2024, at 2pm, the

date of the next status conference. The parties are willing to waive a Presentence Report and are prepared for Mr. Kenner to enter a guilty plea to the Information and be sentenced by the Court on that date.

### III. Sealing

Because this consent motion, and the filings attached hereto reflect an as-yet uncharged criminal offense and Mr. Kenner's agreement to underlying facts related thereto, the parties respectfully request that the filings be under seal until such time as the Court grants the motion and issues the order, permitting public filing of the attached Information. The Court has the inherent power to seal court filings when appropriate. *See United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980), citing *Nixon v. Warner Commn'ns, Inc.*, 435 U.S. 589, 598 (1978). Here, for example, there may be a compelling governmental interest in confidentiality of admissions about criminal conduct until such time as a defendant is charged. *See generally Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991).

### IV. Conclusion

For the foregoing reasons, the Government supplements its motion and respectfully asks the Court to grant the pending motion for order to show cause.

Respectfully submitted,

*/s/Elizabeth Aloi*
Elizabeth A. Aloi
Jonathan P. Hooks
Assistant United States Attorneys
U.S. Attorney's Office for the District of Columbia
Patrick Henry Building
601 D Street NW
Washington, DC 20530